[No. 15630.  *En Banc.*  January 5, 1920.]

THE STATE OF WASHINGTON, *on the Relation of Fred C. Brown, Prosecuting Attorney for King County, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *A. W. Frater, Judge, Respondent.*[1]

PROHIBITION (38)—APPLICATION—EVIDENCE AND PRESUMPTIONS—BURDEN OF PROOF. On prohibition to restrain a judge from admitting to bail persons charged with murder in the first degree, the presumption is in favor of a return alleging a proper exercise of his discretion, although it does not negative in terms the exception in Const., art. 1, § 20, by reciting that the proof was not evident or the presumption great; the burden being upon the prosecuting attorney seeking the writ to directly aver and prove the contrary.

Application filed in the supreme court November 12, 1919, for a writ of prohibition to prohibit the superior court for King county, Frater, J., from admitting to bail certain defendants charged with the crime of murder in the first degree.  Denied.

*Chas. Ethelbert Claypool,* for plaintiff.

*Walter S. Fulton* and *Crawford E. White,* for respondent.

FULLERTON, J.—This is an application made originally to this court for a writ of prohibition.

In the first paragraph of his petition for the writ the relator recites that he is the duly elected and qualified prosecuting attorney of the county of King; that, on November 7, 1919, he, as such prosecuting attorney, filed in the superior court of the county named an information duly charging one William Fay Ealy and one Anna Nemitz with the crime of murder in the first degree, in that they did, on a day named, wilfully, un-

[1]Reported in 186 Pac. 891.

lawfully and feloniously effect the death of one Mary Elizabeth Bryan, by choking, strangling and suffocating her. In the second paragraph of the petition it is charged:

"That thereafter, and upon said day, the said defendants, by their counsel, in open court demanded that the said superior court, by A. W. Frater, one of the judges thereof, admit said defendants to bail and make its order fixing the amount thereof; that thereupon, and upon said demand being made for admission to bail and for such order as a matter of right, the said superior court, by the said A. W. Frater, as judge thereof, without hearing, and in excess of its jurisdiction, and over the protest of the petitioner and his application that said demand be denied, announced that the said superior court for King county, by the said A. W. Frater, as judge, would, not later than the ——— day of November, 1919, admit said defendants to bail and fix the amount thereof, and that said superior court of the state of Washington in and for said King county, by the said judge, will so admit the said defendants to bail, notwithstanding the charge against them, as heretofore set out, and contrary to petitioner's demand that said court desist from said action, unless restrained by this Honorable Court; and that he makes this petition for the purpose of procuring a writ of prohibition to be issued out of this court to the said superior court of the state of Washington in and for the county of King, and A. W. Frater, as one of the judges thereof, to prohibit and restrain them, and each of them, from admitting the said William Fay Ealy and Anna Nemitz to bail and fixing the amount thereof, without any hearing, and in excess of the jurisdiction of said court; and that plaintiff and petitioner has no other plain, speedy or adequate remedy either at law or in equity."

On filing the petition in this court, an alternative writ of prohibition was issued, to which the trial judge named made return. In the return he admitted the allegation of the first paragraph of the petition, and to the second allegation answered as follows:

"Answering paragraph two thereof, respondents admit that counsel for the defendants in said criminal case asked that the court fix the bail of the defendants and admit the defendants and each of them to bail and that it make its order to this end, and respondents admit that respondent A. W. Frater, as judge, announced that the application for bail would be granted, and respondents deny each and every other allegation in said paragraph contained, save and except that the respondents admit that an order will be made by the superior court of the state of Washington for King county, fixing the bail of the defendants and admitting said defendants to bail upon bonds being given by them conditioned as required by law and approved by the court, and admit that against said proposed action on the part of the court the plaintiff, through the relator, protested."

As a separate return, he further answered:

"That the case against said defendants is entirely based upon circumstantial evidence, as respondent A. W. Frater, as one of the judges of said court, is informed and believes the fact to be, and said respondent, in announcing that an order would be made fixing the bail of said defendants and admitting said defendants to bail, made said announcement and ruling in the exercise of what the court believed to be a reasonable and proper discretion, and said ruling was not made on the theory that the said defendants were entitled to bail as a matter of right, but in the belief entertained by the respondent judge that the facts and circumstances resulting in the arrest of the defendants and the filing against them of an information charging them with murder in the first degree made a proper case for the admission of the defendants to bail, and in announcing the court's intention of making an order fixing the defendants' bail, it was stated by the respondent judge in open court that in so ruling the court was in the exercise of what the court considered to be a discretionary right, and that, in order to permit the correctness of the court's proposed action to be

reviewed, the court would delay the entry of its order for such reasonable time as would enable the prosecuting attorney to apply for and obtain an order from this court restraining the intended action of respondents, if the same were unauthorized.''

The return was not controverted by a reply or by a pleading in any form.

At the hearing, the relator, in presenting the merits of the application, proceeded on the assumption that the trial judge had taken the view that bail in capital cases, under section 20, art. I, of the constitution, was a matter of right; and that he had, without a hearing as to the nature of the proofs or the nature of the presumption against the accused, declared his intention to grant them bail. We cannot, however, think this a just view of the judge's return. True, it is alleged in the petition for the writ that bail was demanded as matter of right and that the judge, without hearing, announced his intention of granting bail, but the return denies these allegations and alleges affirmatively facts which can lead to no other legal conclusion than that a hearing was had; he recites that the case against the accused is entirely based upon circumstantial evidence, as he is informed and believes, and that the facts and circumstances resulting in the arrest of the accused and the filing against them of an information for murder in the first degree made a proper case for their admission to bail. We are aware that it is asserted that the trial judge reached these conclusions from public rumor and current report, and not from evidence developed at a hearing. But it is not so alleged in the respondent's petition nor so stated in the return, and we cannot so presume. The presumption is in favor of the regularity of the proceedings; it is presumed that the judge proceeded in accordance with the settled rules of law and practice. Since to find

facts from the considerations mentioned is not in accord with settled rules of law and practice, the party asserting it must directly aver it, and, if it is denied, must prove it, before a court whose function is to review for error can determine that error in this respect has been committed or the rights of the party violated.

We are aware, also, that the trial judge does not in his return negative in terms the exception contained in the constitutional provision cited; that is to say, he does not recite that he found that the proof against the accused was not evident or the presumption against them not great, but his return, when aided by the presumptions that trend in its favor, has that effect. The very fact that he determined to grant bail presupposes that he concluded that the proof was not evident and the presumption not great, and this court must assume that he rightfully so found, in the absence of evidence or other matter in the record affirmatively showing the contrary.

The parties have also discussed the question upon whom the burden rested to show the constitutional exception, but we cannot think this is a question presented by the record. Moreover, it is one upon which we find a difference of opinion among ourselves, and we prefer to pass it until it necessarily arises.

The alternative writ is quashed and the application for a peremptory writ denied.

ALL CONCUR.